IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

WIZKIDS CREATIONS CO.,                      :
                                            :
           Plaintiff,                :
                                            :     CIVIL ACTION No. 02-CV-4358
    v.                                        :
                                            :
C.B.S. INC. and                             :
COLUMBIA BROADCASTING                       :
SERVICES, INC.,                             :
                                            :
           Defendants.               :
_____:

**ORDER**

       AND NOW, this ____ day of _____, 2002, it is hereby ORDERED that the Motion to Dismiss Plaintiff's Complaint of defendant Columbia Broadcasting Services, Inc. is hereby GRANTED and plaintiff's Complaint is DISMISSED with prejudice. Plaintiff is additionally ORDERED to pay sanctions in the amount of $_____ for violating this Court's Orders of April 18, 1992 in Hackney v. Sands Hotel & Casino (No. 92-0421) and April 25, 1997 in Hackney v. Lehrer McGovern Bovis (No. 97-1015).

                                                                                                                  _____
                                                                                                                             Brody, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WIZKIDS CREATIONS CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION No. 02-CV-4358 |
| v. | : | |
| | : | |
| C.B.S. INC. and | : | |
| COLUMBIA BROADCASTING | : | |
| SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

MOTION TO DISMISS

Defendant, Columbia Broadcasting Services, Inc., by its undersigned counsel, hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiffs' Complaint, and avers in support thereof as follows:

1.  The Complaint in this case, bearing the name of the nominal plaintiff, WizKids Creations Co., was filed by Larry Hackney. Hackney, who signed the Complaint and refers to himself throughout the Complaint as the owner of the copyright that he has placed in issue is the real party in interest. WizKids, to the extent it exists, has no discernible interest in the copyright.

2.  Judge Bechtle on April 18, 1992 and Judge Yohn on April 25, 1997, barred Hackney from filing any complaint based on the copyright without specific attachments

and prior court approval. Hackney has failed to make the appropriate attachments and did not seek permission from the Court before filing, as he has been directed to do.

3. Even applying liberal pleading standards applicable to a pro se complaint, the Complaint states no cause of action on which relief can be granted.

4. Plaintiff's copyright infringement claim is meritless. In particular, plaintiff has failed to make any allegations regarding an essential element of the copyright claim: copying by defendants.

5. Plaintiff may also be attempting to state a "failure to report" claim based on his asserted attempts to interest defendants in covering what he perceives as the "judicial blunders" he has been exposed to. That claim does not exist in law.

WHEREFORE, defendants respectfully request that the Court dismiss the Complaint with prejudice and impose sanctions on plaintiff for his violation of the Orders of this Court.

Dated: September 24, 2002				Respectfully submitted,

_____
Gayle Chatilo Sproul
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WIZKIDS CREATIONS CO., : <br> : <br> Plaintiff, : <br> : CIVIL ACTION No. 02-CV-4358 <br> v. : <br> : <br> C.B.S. INC. and : <br> COLUMBIA BROADCASTING : <br> SERVICES, INC., : <br> : <br> Defendants. : | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS

INTRODUCTION

Plaintiff WizKids Creations Co. has filed a rambling and nearly incomprehensible Complaint attempting to allege that defendants CBS Inc. and Columbia Broadcasting Services, Inc. ("CBS") infringed or aided in the infringement of a copyright in a "public transportation system" -- the so-called "Flying Carpet 1975 Hackney" -- by permitting a structure that may resemble the Flying Carpet to appear on television in the background of a weather report. The act of filing that Complaint is in violation of two injunctions of this Court barring Larry Hackney -- the copyright holder, author and signatory of the Complaint and self-described "owner of WizKids Creations" -- from filing any complaint related to the Flying Carpet copyright without prior Court approval.

The Complaint is thus barred by orders of this Court and it is, in any event, baseless. Even granting plaintiff every benefit of the doubt accorded to a pro se complainant, no cause of action can be made out. Therefore, CBS respectfully requests that the Court dismiss the Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). In addition, given Hackney's violation of the standing injunctions which prohibit him from filing this Complaint, defendants respectfully seek the imposition of sanctions against him.

## STATEMENT OF FACTS

I.   The Copyrighted Work

Plaintiff refers to the copyrighted work at issue here as "Flying Carpet 1975 Hackney." Complaint, p.1. He refers to and attaches the Certificate of Registration to the Complaint, which reveals that the copyright is registered in the name of Larry Hackney and that the nature of the work is a "public transportation system." See Copyright Registration No. Iu 17381, attached hereto as Exhibit A.

To understand what the Flying Carpet is, it is necessary for the Court to look to decisions by other judges of this Court, who have described the copyrighted device. Judge Yohn described it as follows:

> [T]he "@Flying Carpet," which received an official copyright in 1975, is apparently a scale model of an elevated conveyor belt system. The model is 13 inches high and 20 inches long and is suspended in the air by ten inch poles. It seems that by turning a hand operated crank, objects can be carried along the length of the unit by a rubber band conveyor belt. The conveyor belt is encased, so as to create a "tube" through which the conveyor belt runs.

2

Hackney v. Lehrer McGovern Bovis, No. 97-1015, 1997 WL 214846, * 1 (E.D.P.A.) (Yohn, J.); see also Hackney v. Sands Hotel & Casino, No. 92-0421, 1992 WL 97335. Copies of these opinions are attached hereto as Exhibit B. Apparently, in large scale, the device was designed to be a "people mover." Id.

II.     The Injunctions

Plaintiff is a prolific litigant who has brought numerous lawsuits (including an earlier one against CBS) stemming from what he alleges is copyright infringement of the Flying Carpet. See Hackney v. Lehrer McGovern Bovis, supra; Hackney v. Sands Hotel & Casino, supra at *2, 3 & n.2 (citing the many previous copyright infringement cases brought by plaintiff for which there are no published opinions: Hackney v. Sands Hotel and Casino, No. 88-5205 (E.D.P.A. Jan. 5, 1989) (O'Neill, J.), app. dismissed by Third Circuit as frivolous; Hackney v. Sands Hotel and Casino, No. 89-7434 (E.D.P.A. Oct. 19, 1989) (O'Neill, J.), app. dismissed by Third Circuit as frivolous; Hackney v. U.S. News & World Report, No. 89-9228 (E.D.P.A.); Hackney v. CBS., No. 89-8894 (E.D.P.A. Mar. 29, 1990) (O'Neill, J.); No. 90-1712 (E.D.P.A.), dismissed (O'Neill, J.), app. dismissed by Third Circuit as frivolous; No. 91-1126 (E.D.P.A), dismissed (Hutton, J.), app. dismissed as frivolous, 945 F.2d 395 (3d Cir. 1991)). Judge O'Neill's opinion in Hackney v. CBS is attached hereto as Exhibit C.

From these opinions, it appears that Mr. Hackney's claims stem from his belief that a moving escalator or sidewalk installed in or near at least one Atlantic City casino and hotel illegally copied his Flying Carpet. He has also sued because he believed depictions of other moving stairs or escalators -- such as those appearing in an animated "Peanuts" movie broadcast

3

by CBS in 1985 (entitled "Bon Voyage Charlie Brown . . . and Don't Come Back") also infringe that copyright.  Ex. C.  In every case, the judges of this Court have found that Mr. Hackney's copyright claims are without merit.

In view of the cascade of meritless filings by Mr. Hackney in connection with the Flying Carpet, Judge Bechtle entered the following injunction:

> [P]laintiff may not file any copyright infringement actions against any party relating to the "People Mover" without leave from this court.  In seeking leave of court, plaintiff must certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court.  Upon a failure to certify or upon a false certification, plaintiff may be found in contempt of court and punished accordingly.  Plaintiff must also submit under oath a statement setting forth each and every fact he would present at trial supporting his claim of infringement.

Hackney v. Sands Hotel & Casino, supra, * 1.

Undeterred by Judge Bechtle's order, Hackney brought yet another action without filing the required addenda to the complaint.  See Hackney v. Lehrer McGovern Bovis, supra.  Judge Yohn dismissed the case on the merits, but declined to hold Hackney in contempt of court for his violation of Judge Bechtle's order.  Id., *3.  Judge Yohn said that it was possible that Hackney had "misinterpreted" Judge Bechtle's order "by concluding that he was entitled to bring the same claims against different defendants."  Id.  In light of that possibility, Judge Yohn wrote:

> I will now make it clear to Hackney that he is not to file *any* copyright infringement actions against any defendant for *any* claims for copyright infringement of his 'Flying Carpet' without prior authorization of the court.

Id. at *3 (emphasis in original).  He then entered the following order:

4

> Plaintiff is ENJOINED from filing any complaint against any person, corporation or other entity for any claims alleging copyright infringement of the "@Flying Carpet" without first seeking authorization of the court in which the plaintiff seeks to file. In seeking such authorization, the defendant shall abide by the order of this court in Hackney v. Sands Hotel & Casino, Civ. No. 92-421. In addition to the certification required by that order, the defendant shall attach to any such complaint a copy of this order and accompanying memorandum, a copy of the memorandum and order of this court in Civil Action No. 92-421, dated April 28, 1992, a copy of the complaint filed in this case, and a copy of the complaint filed in Civil Action No. 92-421. If plaintiff fails to abide by the terms of this order, and the order of this court dated April 28, 1992 in Civil Action No. 902-421, he may be found in contempt of court and punished accordingly.

Id. at *4.

Defendants have found no reference in the reported decisions to any further actions by Hackney based on the copyright, until this one.

III.   The Complaint

In filing this Complaint, Hackney has failed to comply with the orders of Judge Bechtle and Judge Yohn. He has attached to this Complaint neither the required court orders, complaints, certifications or statements under oath. What Hackney has done is to attempt to change the identity of the plaintiff to WizKids Creations Co., apparently to avoid the dictates of the injunctions. However, Hackney defeats his own ploy by admitting in the first paragraph of the Complaint that "I/Larry Hackney owner of WizKids Creations Co. is the owner of the copyright . . . ." He repeatedly refers to himself as the "owner" in the Complaint: "the defendants actions in showing the work in question alienates and alienated; me as owner . . ." (p. 1); the mayor of Atlantic City "allowed licensing to go forward for approval with my name as

5

owner of the work in question omitted from all documentations" (p.2); "my certified work" (p.3), and the like.  Moreover, the copyright registration form for Copyright No. Iu 17381 that he has attached shows that Hackney is indeed the owner of the copyright.  Ex. A.  Hackney also signed the Complaint on his own behalf as "plaintiff."

In the Complaint, Hackney renews his allegation that there is in Atlantic City a moving sidewalk that is an infringement or a "derivative infringing copy of [his] certified work" (Complaint, p.2) and now claims that a weather segment of a newscast broadcast from Atlantic City, appearing on a local CBS station, infringed his copyright because it allegedly showed that infringing structure in the background.  Complaint, p.2.  He devotes much of his four-page single-spaced complaint to this perceived illegality.  For example, he alleges that "[d]efendants have brought the same infringing, uncertified 'reproduction' copy to the 'general public' by their telecast of [his] work called Flying Carpet 1975 Hackney"; defendants "transmitted the certified registered works 'form of expression' in whole combination in their weather segment called the 12:o'clock NEWS, on June 1, 2002"; and defendants were repeatedly advised that "the showing would alienate [Hackney] the true conceptor, titlar and copyright holder . . . ."  Id., pp. 1-2.  Hackney also cites numerous sections of the copyright law which he appears to believe have been violated.  Id., pp. 2-3.

In addition, Hackney protests that defendants took no action when he showed them "life size pictures of the derivative copy," even when he "repeatedly left correspondence asking them to look in on it, with the possibility of bringing me forward vs. Judicially Flawed decision vs. copyrighted registered principals . . . ."  Complaint, p.2.  He cites "astronomical

6

retainers" that apparently prevented him from taking steps to enforce rights he believed were violated; he seems to have expected defendants to help him in some way.  Hackney alleges that his "only alternative was television coverage to tell America the whole story" and that Hackney "wanted to give the defendant the first opportunity in breaking the whole story.  Giving them permission to shoot the story and evidence, would prove the 'judicial blunder' on T.V. . . . ."  Id.  However, in Hackney's view, defendants refused to help him and then illegally showed the allegedly infringing structure -- already standing in full public view -- to a viewing audience.

Based on this, plaintiff seeks $6.5 million and injunctive relief.

ARGUMENT

I.    The Complaint was Filed in Violation of Two
       Standing Injunctions and Should be Dismissed.

As noted, the Complaint, filed ostensibly on behalf of a company called WizKids Creations Co., is actually filed on behalf of Hackney.  Hackney mentions his own name at the outset of the complaint, admitting in the first paragraph that "I/Larry Hackney is the owner of WizKids Creations Co., is the owner of the copyright . . . ."  He also refers to himself as the "owner" of the copyright throughout the Complaint.  In fact, Hackney, not WizKids, is the owner of the copyright, as the attachment to the Complaint makes clear.  Ex. A.  Indeed, WizKids is never referred to again in the Complaint or described in any way.[1]  The entire Complaint is written in the first person by Hackney and it is signed by Hackney as "Plaintiff"; he also refers to

---

[1] The words "WizKids Creations" and "WizKids 2000" appear on three of the drawings that Hackney has inserted as attachments to the Complaint.  It is not clear when these notations were made; all that is clear is that Hackney is the holder of the copyright.

7

himself under the signature line as "Copyright Owner" and "Artist."  Moreover, Hackney, not his company, sought and have been given IFP status here.[2]  Hence, the real plaintiff in interest here is clearly Larry Hackney, the subject of the two injunctions.

In any event, even if the Court were to credit Hackney's assertion of an artificial person as plaintiff, it is clear that he, as "owner" of the company, has "filed" this copyright infringement suit based on the Flying Carpet.

Therefore, Hackney was obliged to follow this Court's orders before filing this Complaint for copyright infringement.  In particular, Hackney's statement "setting forth each and every fact he would present at trial supporting his claim of infringement" would be extremely useful here, where it is highly likely that Hackney will be collaterally estopped from raising his copyright claim.

Since Hackney has failed to attach that statement, or any of the other prerequisites directed by the Orders, defendants respectfully request that the Court dismiss the Complaint and enter sanctions against Hackney as the Court deems just.

II.    The Complaint Fails To State A Claim
       On Which Relief Can Be Granted.

Apart from its failure to comply with the standing orders of this Court, the Complaint contains no cause of action for which relief can be granted.  The rule that complaints

---

[2]    Moreover, if WizKids is a corporation, which is not clear from the Complaint, it may not proceed pro se. See, e.g., Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966); Cottman Transmission Systems, Inc. v. Metro Distributing, Inc., 1993 WL 481555, *2 (E.D. Pa. Nov. 19, 1993).

8

by pro se litigants are to be liberally construed (see, e.g., Haines v. Kerner, 404 U.S. 519 (1972); Henderson v. Fisher, 631 F.2d 1115, 1120 (3d Cir. 1980)) provides plaintiff with no solace here, since there is no rational construction of the Complaint that could afford relief.

    A.    <u>Plaintiff has failed to state a claim for copyright infringement.</u>

First, no cognizable copyright infringement claim emerges from any reading of the Complaint. A copyright plaintiff must prove two elements to prevail: ownership of a copyrighted work and copying by the defendant. See, e.g., Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 561 (3d Cir. 2002) (citing Whelan Assocs., Inc. v. Jaslow Dental Lab Co., 797 F.2d 1222, 1231 (3d Cir. 1986)). Copying is demonstrated by showing that the defendant's work is "substantially similar" to the plaintiff's. The test for whether works are substantial similar "is whether an ordinary lay observer would detect a substantial similarity between the works." Hackney v. Lehrer McGovern Bovis, supra, *1 (quoting Universal Athletic Sales v. Salkeld, 511 F.2d 904, 907 (3d Cir.), cert denied sub nom. Universal Athletic Sales Co. v. Pinchock, 423 U.S. 863 (1975)).

Plaintiff here fails to make any allegations that would support an infringement claim. First, if the Court were to credit plaintiff's assertion that WizKids is anything more than a nominal plaintiff, the copyright claim must be dismissed because WizKids does not hold the copyright. Hence, WizKids has no copyright claim that can be compensated here.

Second, there has been no copying by CBS of Hackney's copyrighted work and there is none alleged. At the outset, it must be noted that the copyright is not in an illustration, it

9

is in a "public transportation device."  As Judge O'Neill pointed out when plaintiff sued CBS the last time for depicting something akin to his drawing of a people mover in a broadcast of an animated "Peanuts" movie, plaintiff apparently does not understand that copyright law does not protect the idea embodied in his Flying Carpet.  Ex. C, Slip Op. at 4.[3]

The previous opinions issued in this Court were substantive rulings on Hackney's copyright infringement claims based on structures built in Atlantic City, and all of those opinions were decided against him.  See Hackney v. Lehrer McGovern Bovis, supra; Hackney v. Sands Hotel & Casino, supra (and cases cited therein).  To the extent that Hackney is basing this case on the infringing nature of any structure that was the subject of his earlier cases, he is precluded from renewing the claim of infringement here, no matter what the guise.  Hackney has apparently attempted to repackage his old copyright infringement claim -- now basing it on the broadcast of an infringing work as opposed to basing it on the infringing work alone -- in the hope of a different result.  But the outcome here must be the same as in his previous lawsuits.

If Hackney is attempting to make out a claim of contributory infringement against CBS based on his belief that the structure appearing as a backdrop in the weathercast is substantially similar to his own illustrations for his model people mover, his claim must fail because, before there can be contributory infringement, there must be a finding of infringement.

---

[3]  Judge O'Neill pointed out that Hackney's misunderstanding may stem from confusion between patent law and copyright law:

> Apparently, plaintiff believes that his copyright protects the idea embodied in the "flying carpet" illustration.  This understanding is incorrect.  "The protection of ideas, per se, must be found, if at all, within the confines of patent law."

Id. at 4-5 (citations omitted).

10

See, e.g., Metzke v. May Department Stores Co., 878 F. Supp. 756, 760 (W.D. Pa. 1995) (citing Deepsouth Packing Co. v. Laitram Corp., 406 U.S. 518, 526 (1972); Cable/Home Communication v. Network Productions, 902 F.2d 829, 845 (11th Cir. 1990); 3 DAVID NIMMER & MELVILLE NIMMER, NIMMER ON COPYRIGHTS § 12.04 [A][2][b], at 12.81 (1994). To the extent that Hackney is relying for the predicate finding of infringement on structures this Court has already ruled are not infringing, there can be no finding of contributory infringement.[4]

But even if plaintiff is relying on a new allegedly infringing structure as the basis of his claim -- and it is not possible to determine this from his Complaint -- it is nevertheless clear that the structure depicted in the two photographs he attaches to the Complaint is not even remotely similar to the sketches he also attaches to his Complaint. Hackney has attached two photographs that he calls "Defendants Summoned Reproduction Shot," which appear to show a walkway both in close up and at a distance. Plaintiff may have attached these photographs in the hope of showing substantial similarity between the structure in the backdrop of the weathercast and his illustrations, but these photographs provide no support for such a claim. Indeed, they prove the opposite: the walkway depicted bears no resemblance to any of the sketches plaintiff attaches to the Complaint. In the words of Universal Athletic Sales, no "ordinary lay observer would detect a substantial similarity between the works." 511 F.2d at 907.

Finally, if Hackney is attempting to allege that CBS is liable for infringing his right of public display or "performance" of his copyrighted people mover -- or his model or

---

[4] Hackney's suggestion that CBS somehow "knew" that he viewed the Atlantic City structure or structures as infringing is irrelevant.

11

illustrations of the people mover -- by depicting in its broadcast a work whose copyright he does not own, he still has no basis for his claim.  Simply put, CBS did not, even allegedly, display <u>his</u> work and so could not have infringed his copyright in it.[5]

In sum, Hackney's reasoning is both tortured and futile:  he hinges his case against CBS on an alleged broadcast of a patently non-infringing work that is freely seen everyday by countless passersby, built by a third party, and without any alleged involvement by CBS.  This theory simply cannot support any copyright infringement claim against CBS. Therefore, defendants respectfully request that the Court dismiss the Complaint pursuant to Rule 12(b)(6).

B.  <u>No claim exists for failure to report.</u>

Finally, in the event the Complaint is read to assert a claim based on a failure by CBS to report on the "judicial blunder" he thinks he has suffered, no such claim is recognized by the law.

---

[5] Plaintiff may conceivably be attempting to squeeze himself into an exception to a narrow line of cases applicable where a copyrighted artistic work is used in the backdrop of a movie or other public performance.  Those decisions, which hold such a "de minimis" use of the <u>actual</u> copyrighted work is a fair use pursuant to 17 U.S.C. § 107, are totally inapposite here.  <u>See</u>, <u>e.g.</u>, <u>Sandoval v. New Line Cinema Corp.</u>, 147 F.3d 215, 216 (2d Cir. 1998) (plaintiff's copyrighted photographs present in scene of apartment for 90 seconds in 11 camera shots; "the photographs never appear in focus, and except for two of the shots, are seen in the distant background, often obstructed from view by one of the actors," held:  fair use); <u>see also</u> <u>Jackson v. Warner Bros.</u>, 44 U.S.P.Q. 2d 1603 (E.D. Mich. 1997) (plaintiff's paintings appear for 60 seconds as background in living room of character, held:  fair use).  Plaintiff's claim of infringement here, based as it is on defendants' purported display of the work of someone else, albeit a work that he claims infringes his own, is light years removed from these cases.

## CONCLUSION

Because plaintiff has flagrantly violated two standing injunctions barring him from filing complaints asserting any claim based on his copyright in the Flying Carpet against any party without first complying with a number of prerequisites, defendants respectfully submit that this Complaint should be dismissed and plaintiff should be sanctioned. Moreover, since there is no basis at all for a copyright infringement claim or any other claim, even giving the Complaint the most liberal construction possible, the Complaint is baseless and should be dismissed.

Dated: September 24, 2002                    Respectfully submitted,

_____
Gayle Chatilo Sproul
DECHERT PRICE & RHOADS
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103

Attorney for Defendant
Columbia Broadcasting Services, Inc.

13

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused a copy of the Motion to Dismiss of Defendant Columbia Broadcasting Services, Inc. and all accompanying documents to be served by first-class mail upon the plaintiff pro se as follows:

>WizKids Creations Co.
>c/o Larry Hackney
>5422 Chester Avenue
>Philadelphia, PA   19143

Dated:  September 24, 2002                                    _____

                                                                                    Gayle Chatilo Sproul